[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR JUDGMENT IN ACCORDANCEWITH FACT FINDER'S REPORT
This is an action by the State to recover damages from Attorney William Gerace for failing to give the plaintiff notice pursuant to General Statutes § 17-83f of the settlement of a negligence claim and disbursing the settlement proceeds in violation of the State's lien rights.
There is no dispute about the essential facts found by the Fact Finder in his finding dated July 25, 1994. Attorney Gerace represented Allen Bowens in a personal injury claim arising from an automobile accident. On July 14, 1992 the Department of Administrative Services (DAS) gave Attorney Gerace notice of its lien under General Statutes §§ 17-83e and 17-83f without specifying the amount. Subsequently, the personal injury action was settled for the gross amount of $35,000, yielding Mr. Bowens a net amount of $21,097.20. On September 4, 1992, Attorney Gerace sent a one line letter to Jean Bostrom of DAS stating "Please provide me with the amount of the State's lien." On October 4, 1992, not having received a response, Attorney Gerace disbursed the balance of the settlement proceedings to Mr. Bownes.
The Fact Finder concluded that Attorney Gerace complied with the statute in disbursing the proceeds of the settlement, CT Page 11889 not having been informed of the amount of the claimed lien within thirty days of DAS receiving written request for the amount of such lien. He recommended judgment for the defendant.
Plaintiff objects to the report on several grounds, the most important of which is that the letter of Attorney Gerace dated September 4, 1992 was an insufficient request under the statute because it failed to mention that the case had been settled. Plaintiff places great stress on the fact that the DAS notice of July 14, 1992 to Attorney Gerace contained the following statement, "When there is a settlement or other recovery, you should immediately send a letter to the Bureau of Collection Services requesting a final statement of the State's claim."
The standards of Review of a Fact Finder's report are set forth in Wilcox Trucking v. Mansour Builder, Inc.,20 Conn. App. 420 (1989). This court may not substitute its judgment for those of the trier of fact and his findings should be overturned only when they are clearly erroneous.
This case reveals a flaw in the State's system of collecting amounts expended by it and then liened against the proceeds of personal injury cases. On one hand, the statute does not specifically require, as the State contends, that the attorney notify it that the case has been settled in the letter requesting the amount of the lien. § 17-83g states in pertinent-part:
 Upon presentation to the attorney for the beneficiary of an assignment of such proceeds executed by the beneficiary or his conservator or guardian, such assignment shall constitute an irrevocable direction to the attorney to pay the commissioner of administrative services in accordance with its terms, [except if, after settlement of the cause of action or judgment thereon, the commissioner of administrative services does not inform the attorney for the beneficiary of the amount of lien which is to be paid to commissioner of administrative services within thirty days of receipt of the written request of such attorney for such information], such attorney may distribute such proceeds to such beneficiary and shall not be liable for any loss the state may sustain thereby.
CT Page 11890
On the other hand, the State claims that it offered to produce evidence, ruled inadmissible, that attorneys frequently write letters to DAS requesting the amount of the State's lien for reasons other than because the case has settled and those other letters do not require DAS to respond within thirty days.
Under the present wording of the statute, the failure of DAS to respond to a written inquiry of the amount of its' lien within thirty days after receiving a written request, exposes it to the peril that the proceeds of the settlement which is subject to its' lien may be disbursed without payment to the State. Even the statement in the July 14, 1992 letter to Attorney Gerace, which appears to be a form letter, did not specifically require him to state in his letter that the case had been settled. We are unable to add a requirement to the statute which is simply not there.
It may be that Rule 4.1 of the Code of Professional Conduct, when considering the overall framework of General Statutes § 17-83f, requires an attorney to advise the State that a settlement of the personal injury claim has been made if that is the situation when the request for the amount of the lien is made to the State. However, the Plaintiff did not make that claim in this case. We are unable to find that the findings of the Fact Finder are clearly erroneous.
Objections to the Fact Finder's Report are overruled and Judgment is entered for the Defendant.
Wagner, J.